**UNITED STATES of America,**
**Plaintiff,**

v.

**Craig Mathews JENSEN, Defendant.**

**No. 4–71 Cr. 36.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 4, 1972.

Robert G. Renner, U. S. Atty. by Thorwald H. Anderson, Asst. U. S. Atty., for plaintiff.

Richard De Long, Minneapolis, Minn., for defendant.

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

NEVILLE, District Judge.

The above case was before the court at St. Paul, Minnesota on December 14, 1971 on the motion of defendant, brought under Rule 35 of the Federal Rules of Criminal Procedure, for a reduction of that portion of a two year split sentence imposed October 12, 1971 requiring defendant to serve six months in the custody of the Attorney General for violating 50 App. U.S.C. § 462, failure to report for and submit to induction into the Armed Forces of the United States.

Robert G. Renner, United States Attorney, by Thorwald H. Anderson, Esq., Assistant United States Attorney, appeared for the plaintiff; Richard De Long, Esq., Minneapolis, Minnesota, appeared for the defendant.

The case was tried to the court with jury waived and defendant was found guilty, his principal defense being that he is a conscientious objector even though, during the nearly five years he had been registered with the draft board he had never asserted any such claim until after he had mailed his notice to report for induction. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L. Ed.2d 625 (1971), clearly prohibits such a defense, without prejudice however to its assertion through armed services channels after induction.

Defendant originally appealed but the same was subsequently dismissed. He now asserts that he has obtained employment as of December 2, 1971 (though at the date of hearing he had not entered such yet) as an orderly at Northwestern Hospital of the type that would qualify as alternative service for conscientious objectors. His counsel has produced a confirming letter. He asks that he be permitted to accept such employment for a two-year probation period and that his original sentence be modified accordingly.

The court has had difficulty in resolving the problem presented by this case and other similar cases. Defendant is in effect asking this court to sit as a "super draft board" and to determine *de novo* that he is a conscientious objector and deserves the treatment so accorded, i. e., alternative service, even though he never made any such timely claim to his draft board and it thus did not pass thereon. He is saying to the court that he wants the court to do what his draft board did not do and which he never timely asked them to do, and impose the type of sentence which would be the equivalent of what the draft board would have ordered had he made and established his conscientious objector claim. The court does not believe this is its proper function. The court is not unaware that there is an increasing tendency on the part of some judges to

place selective service defendants on probation, and the court is not prepared to say that in some instances it would not do the same. Fundamentally, however, the law of Congress remains on the books, is the law, and provides a penalty up to five years plus a fine for its violation. The court did not enact the law and does not believe that it has the right to substitute its judgment for that of Congress as to whether there ought to be such a law and thus fail to enforce it, or make only token obeisance to it. For the court impliedly to say to anyone who concludes to disobey the draft law that he need not worry for he will merely receive a "slap on the wrist" and will be put on probation, is to weaken law enforcement and the intendment of the law. While the maximum five-year sentence for failure to submit to induction is perhaps not justified except in unusual cases, yet, if the law is to mean something, its enforcement must of necessity involve some inconvenience and hardship to those who chose not to obey it. In the court's view a six-month split sentence is temperate, consistent with and accomplishes the above objective and represents a reasonable exercise of judicial discretion. This court subscribes to the view expressed by Judge Solomon in an article in 52 F.R.D. 481, 486 (1970), that:

> "Since they probably would have been placed on probation had they committed any other non-violent crime, are we justified in denying them probation for a Selective Service violation?
>
> I think we are. Even though there are no mandatory minimums, a Judge must respect the objectives of the law which the defendants violated.

.    .    .    .    .    .

I realize that 'some other young man will have to take the defendant's place in the Army,' regardless of whether I send the defendant to jail or put him on probation. But I am convinced that many more young men would refuse to comply with the draft laws if they thought that they would get probation even if convicted. They are unhappy about the prospect of being sent to Vietnam, but they prefer the possibility of going to Vietnam over the certainty of prison."

In imposing sentence in this case and requiring 18 months of alternative service after the period of six-months' incarceration, the court without making a finding thereon in effect gave defendant the benefit of the doubt that he is a conscientious objector. If the court had had to make a decision *de novo* on the question it is not all that clear from the evidence defendant produced. Two of the witnesses whom the court permitted to testify over objection told of defendant's state of mind more than a year in one case and in the other case at least six months prior to the time defendant received his notice of induction. Defendant still however made no application to his local board, his own testimony being that he solidified or crystallized his views after receipt of his notice of induction. Be that as it may, in this court's view no finding *de novo* on this issue is proper or should be made for the reasons above.

After due consideration,

It is ordered that defendant's motion for a reduction or modification of sentence imposed by this court on October 12, 1971 be and the same hereby is denied and defendant is ordered to surrender himself to the United States Marshal forthwith to commence service of his sentence.